```
           DISTRICT COURT OF THE VIRGIN ISLANDS
            DIVISION OF ST. THOMAS & ST. JOHN
```

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>        Plaintiff,<br>        v.<br><br>**GOVERNMENT OF THE VIRGIN ISLANDS, VIRGIN ISLANDS PORT AUTHORITY, VIRGIN ISLANDS WASTE MANAGEMENT AUTHORITY, JOSEPH HODGE, ZULMA HODGE,**<br><br>        Defendants. | Civ. No. 10-48 |

**ATTORNEYS:**
**Myles E. Flynt**
**Rachel Evans King**
**Mark Gallagher**
United States Department of Justice
Washington, DC
    *For the plaintiff United States of America,*

**Mathew C. Phelan**
**Samuel A. Walker**
**Ariel Marie Smith-Francois**
**Pamela R. Tepper**
V.I. Department of Justice
St. Thomas, V.I.
**John Fehrenbach**
Winstron & Strawn LLP
Washington, DC
    *For the defendant Government of the Virgin Islands,*

**Don C. Mills**
Virgin Islands Port Authority
St. Thomas, V.I.
    *For the defendant Virgin Islands Port Authority,*

**Iver A. Stridiron**
Virgin Islands Waste Management Authority
Christiansted, V.I.
**Kelvin Lambert Vidale**
Frederiksted, V.I.
    *For the defendant Virgin Islands Waste Management Authority*

**Henry C. Smock**
**Kyle R. Waldner**
Quintairos, Prieto, Wood & Boyer, P.A.
St. Thomas, V.I.
    *For the defendants Joseph Hodge and Zulma Hodge*

## ORDER

**GÓMEZ, J.**

The Anguilla landfill was established in 1966 and covers 30 acres on St. Croix. The Bovoni landfill was established in 1979 and covers 30 acres on St. Thomas. The Waste Management Authoriy ("WMA") operates both landfills.

On May 21, 2010, the United States filed a complaint against the owners and operators of the landfills.[1] The complaint stated that the defendants had failed to comply with the Clean Air Act ("CAA") and the Resource Conservation and Recovery Act ("RCRA"). Some of these violations dated back to the year 2000.

On March 19, 2012, the United States filed with the Court a proposed consent judgment settling all claims involving the Bovoni landfill (the "Bovoni Consent Decree"). On December 21, 2012, the Court approved the Bovoni Consent Decree.

On February 27, 2013, the United States filed with the Court a proposed consent judgment settling all claims involving

---

[1] An amended complaint was filed on November 22, 2010.

the Anguilla landfill (the "Anguilla Consent Decree").  On March 12, 2013, the Court approved the Anguilla Consent Decree.

The Consent Decrees sets forth various reforms designed to remedy environmental problems at the Bovoni and Anguilla landfills.  Many reforms are yet to be implemented.

The Court held a hearing on this matter on March 23, 2016. At that hearing, the parties presented evidence regarding the defendants' attempts, or lack thereof, to comply with the Consent Decrees. During the hearing, the Court voiced its intention to have this matter reviewed on a quarterly basis as the Court does in *United States v. Government of the Virgin Islands*, Civil No. 2008-158, a consent decree case involving the Virgin Islands Police Department.

The premises considered, it is hereby

**ORDERED** that the Bovoni Consent Decree and the Anguilla Consent Decree are each hereby **AMENDED** to include a new Paragraph, which shall be designated Paragraph 109 in the Bovoni Consent Decree and which shall be designated paragraph 113 in the Anguilla Consent Decree.  The new paragraph shall read as follows:

> Quarters shall end on the first Friday of May, August, November, and February of each calendar year. Any proposed quarterly goals shall be submitted to the Court no later than ten (10) weeks before the end of the quarter in which those goals are to be accomplished.

*United States v. Government of the Virgin Islands et al.*
Civil No. 10-48
Order
Page 4

Experts' reports, to the extent any such reports shall be prepared, shall be filed no later than the second Tuesday of May, August, November, and February. Each party shall file a report regarding the progress made towards the achievement of any quarterly goals for the quarter that has ended by the third Tuesday of May, August, November, and February.

An evidentiary hearing shall be held on the fourth Tuesday of May, August, November, and February unless otherwise ordered by the Court. At the hearing, the parties shall be prepared to present such testimony and evidence as are necessary to apprise the Court fully of the status of the Consent Decree.

The failure of a party to achieve a quarterly goal accepted by the Court may result in a finding of contempt.

It is further

**ORDERED** that an evidentiary hearing in this matter is hereby **SCHEDULED** to commence promptly at 9:00 a.m. on August 23, 2016.

S\_____
    **CURTIS V. GÓMEZ**
    **District Judge**